| | |
|---|---|
| TERRENCE C. LECADRE, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-CV-01332 |
| v. | (KANE, J.) (MEHALCHICK, M.J.) |
| CITY OF HARRISBURG, et al., | |
| Defendants | |

**MEMORANDUM**

Plaintiff Terrance C. LeCadre, proceeding *pro* se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). For the reasons provided herein, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). (Doc. 1).

**I.   BACKGROUND**

*Pro se* Plaintiff Terrence C. LeCadre filed the instant civil rights action on July 7, 2015, against Defendants City of Harrisburg, Pennsylvania Court of Common Pleas, and Dauphin County Prison. (Doc. 1). LeCadre's complaint, together with the attached exhibits, shed light on his claims. LeCadre alleges that the above-named Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution by subjecting him to wrongful arrest and unlawful imprisonment. The allegations that give rise to the complaint stem from a final protection from abuse order entered against LeCadre on March 2, 2005, in the Dauphin County Court of Common Pleas. (Doc. 1-1, at 1). While LeCadre was properly served and provided notice of the hearing on the matter, he failed to appear. The protective order granted Lorna E. Sotomayor sole physical custody over LeCadre's daughter, Moira Alexis LeCadre, and prohibited LeCadre from having any contact with Ms. Sotomayor

or his daughter. (Doc. 1-1, at ). The provisions of the order were set to expire on September 2, 2006. (Doc. 1-1, at 3). LeCadre alleges he was unaware of any court order entered against him. (Doc. 1, at 1).

LeCadre apparently had contact with his daughter on June 17, 2005, as he alleges that he returned his daughter to the residence of Ms. Sotomayor after a day of shopping. Upon arriving at Ms. Sotomayor's home, he was confronted by a man named George Jose Rosario, which escalated into a fight. (Doc. 1, at 1). LeCadre alleges he left the scene before Harrisburg police arrived. He subsequently returned to Florida but moved back to Harrisburg nine years later to reconnect with his children. Shortly after moving back to Harrisburg, Lecadre alleges that he was detained and taken into custody for "Indirect Criminal Contempt" of the protection of abuse order. Indeed, the documents attached to LeCadre's complaint reveal that his interaction with his daughter and Mr. Rosario on June 17, 2005, violated the protection from abuse order. As a result, on July 13, 2005, the Court of Common Pleas of Dauphin County found him guilty of indirect criminal contempt and sentenced him to six months in Dauphin County Prison and a fine of $500.00. (Doc. 1-1, at 7). However, LeCadre alleges that he spent 102 days in the Dauphin County Prison "without the right . . . to an attorney or an arraignment before District Judge Andrew H. Dowling." (Doc. 1, at 1). The court subsequently granted his application for work release, as he owed over thirteen thousand dollars in child support arrears. (Doc. 1-1, at 14). He was released from custody on August 12, 2013. LeCadre believes that he was wrongfully arrested and falsely imprisoned as a result of a lawsuit he filed against the City of Harrisburg.

II. **S**ECTION **1915A S**TANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a

civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to

dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. Discussion

#### A. Claims Against the City of Harrisburg

LeCadre has asserted a federal civil rights claim under 42 U.S.C. § 1983 against the City of Harrisburg. "On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Monell*, 436 U.S. at 690. A municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. Thus, to state a § 1983 claim against a municipality, a plaintiff must allege a constitutional injury that was caused when the municipality took action pursuant to a custom or policy. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984) ("A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered."). Regardless of any policy or practice it may have adopted, however, municipal liability under *Monell* requires an underlying constitutional violation. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989).

Here, the complaint fails to identify any policy or custom adopted by the City of Harrisburg that resulted in the alleged constitutional deprivations. Accordingly, it is

recommended that all claims against the City of Harrisburg be dismissed for failure to state a claim.

B. Claims Against the Court of Common Pleas

LeCadre's claims presumably against the Dauphin County Court of Common Pleas[1] cannot proceed, as this entity is entitled to Eleventh Amendment immunity. Absent a waiver, the Eleventh Amendment prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Allegheny Cnty. Sanitary Auth.y v. United States Environmental Protection Agency*, 732 F.2d 1167 (3d Cir. 1984). Indeed, "the United States Court of Appeals for the Third Circuit has held that the Court of Common Pleas is an instrumentality of the Commonwealth of Pennsylvania and is therefore entitled to immunity under the Eleventh Amendment." *Greer v. Court of Common Pleas of York Cnty.*, No. CIV.A. 1:07-CV-1051, 2007 WL 1853766, at *1 (M.D. Pa. June 26, 2007) (citing *Benn v. First Judicial Dist. of Penn.,* 426 F.3d 233, 238-41 (3d Cir. 2005)); *see also Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238 (1985)(holding that state agencies are entitled to Eleventh Amendment immunity). Pennsylvania has expressly withheld its consent to be sued in federal court, and Congress has not abrogated sovereign immunity through the enactment of § 1983. 42 Pa. Cons.Stat. § 8521(b); *Keisling v. Renn*, 425 F. App'x 106, 109 (3d Cir. 2011). Accordingly, the claims against the Court of Common Pleas will be

---

[1] LeCadre names in the caption of his complaint the Pennsylvania Court of Common Pleas. However, he does not specify which of the 60 judicial districts he seeks to pursue claims against. Thus, this Court construes his complaint as asserting claims against the Dauphin County Court of Common Pleas, as most of the motion papers attached as exhibits to LeCadre's complaint were filed in the Court of Common Pleas of Dauphin County.

dismissed for failure to state a claim, as the Court of Common Pleas is entitled to immunity from suit.[2]

### C. CLAIMS AGAINST DAUPHIN COUNTY PRISON

LeCadre's claims against Dauphin County Prison are also subject to dismissal, as a county prison or correctional facility is merely an administrative arm of the local municipality, and is not a separate judicial entity. Hence, the prison is not a "person" within the meaning of § 1983. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) ("[A] County Prison is not a person capable of being sued within the meaning of § 1983.") (*citing Will,* 491 U.S. at 71; *Fischer v. Cahill,* 474 F.2d 991, 992 (3d Cir. 1973)). Accordingly, the Court will dismiss this Defendant from the instant action.

Nevertheless, the Court will liberally construe LeCadre's complaint as a suit against the municipality itself. As previously stated, in order to recover against a municipality, a plaintiff must "'demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort.'" *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *Hansell v. City of Atlantic City,* 152 F.Supp.2d 589, 609 (D.N.J. 2001)). Here, LeCadre has failed to identify a policy, custom, or practice of the

---

[2] The Court further observes that the Court of Common Pleas is not a "person" subject to suit under § 1983. *Reiff v. Phila. Cnty. Court of Common Pleas*, 827 F. Supp. 319, 324 (E.D. Pa. 1993) ("The Court of Common Pleas is not subject to suit at all under § 1983, because states or 'governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes' are not 'persons' within the meaning of § 1983 and consequently are not among those liable for violations of the civil rights statute.") (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989)).

municipality that caused the purported constitutional deprivations. As the complaint does not allege facts required to plead *Monell* liability, this Court will dismiss all claims against Dauphin County.

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. In this case, it is evident that amendment would be futile with respect to any claims asserted against the Court of Common Pleas and Dauphin County Prison. However, it is not clear that amendment would be futile with respect to LeCadre's potential *Monell* liability claims against the City of Harrisburg and Dauphin County. Accordingly, the Court will grant LeCadre leave to amend his complaint within thirty (30) days following the entry of this Order.

## V. CONCLUSION

Based on the foregoing, Plaintiff's complaint (Doc. 1), will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff will be granted leave to amend his complaint within thirty (30) days following the dismissal of his complaint.

An appropriate Order will follow.

BY THE COURT:

**Dated: September 28, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**